ISABELLA DURHAM, Appellant, *v.* H. & M. BUILDING CORPORATION, Respondent.

JOSEPH DURHAM, Appellant, *v.* H. & M. BUILDING CORPORATION, Respondent.

First Department, February 3, 1928.

**Landlord and tenant — liability of landlord — tenant of basement of one of defendant's apartment houses was injured in fall into unguarded hole in open area in front of house in which she did not live — error to reject evidence to show that passageway was commonly used by tenants.**

The plaintiffs in this action were tenants of a rear basement in one of defendant's apartment houses. The defendant is the owner of a group of three apartment houses, in the rear of which there is an open courtyard for the use of tenants in common, and from this courtyard passageways lead between the houses to an open areaway in front of each apartment. The female plaintiff left her apartment to call on a neighbor in one of the adjoining houses, and after she learned that the neighbor was not at home, she went through the passageway to the front of the house in which the neighbor lived, and as she turned the corner on reaching the front of the house, she fell into an unguarded excavation in the open areaway.

It was error for the court to reject testimony on behalf of the plaintiffs to the effect that the passageways between the houses were used commonly by the various tenants with the knowledge and consent of the defendant, for such testimony would tend to show that the plaintiff was not a trespasser and was more than a mere licensee. If such were the fact, the defendant owed a duty to the plaintiff and to the other tenants to keep the passageways in a reasonably safe condition for their use.

APPEAL in each of the above-entitled actions by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 2d day of August, 1927.

*Charles F. Kingsley,* for the appellants.

*James M. O'Neill* of counsel [*Oliver R. Brandt* with him on the brief; *John H. Scully,* attorney], for the respondent.

MERRELL, J. These appeals are by the plaintiffs from judgments rendered upon the granting of the motion of the defendant for nonsuit in each case. The first action was brought by Isabella Durham to recover for personal injuries resulting from a fall in a passage or areaway in front of the apartment house owned and operated by the defendant. The second action is brought by Joseph Durham, the husband of Isabella Durham, for loss of services of his wife resulting from injuries which she claims she sustained and for medical care and attention and expenses incurred by said husband in treating and as the result of said injuries to his wife.

The defendant was the owner of a group of three apartment

29

houses, being Nos. 363, 365 and 367 Edgecomb avenue, in the city of New York. In the rear of defendant's three houses was an open courtyard for the use of the tenants in common. From this courtyard passageways led toward Edgecomb avenue to an open areaway in front of each apartment. Party walls ran from the courtyard in the rear to the street line, dividing each house. The plaintiffs were tenants of the rear basement of No. 367 Edgecomb avenue, one of the defendant's houses. The testimony of the plaintiff Isabella Durham was to the effect that on the evening of October 22, 1924, at about half-past eight o'clock, and after night had fallen, she went into the rear courtyard of her rear basement apartment for the purpose of hanging out her clothes; that she then desired to call upon a neighbor, a Mrs. Snyder, who occupied the rear basement apartment of No. 363 Edgecomb avenue, also owned by the defendant. Mrs. Durham testified that after hanging her clothes she passed down the open courtyard back of the three apartments and attempted to gain entrance into the rear of the Snyder apartment, but found the door locked. She testified she then retraced her steps along the rear of No. 363 to the passageway running alongside of that number to the open areaway in front; that she passed down this passageway, and then as she turned the corner of No. 363 into the open area, in the darkness, she fell into an excavation five feet in depth, of the existence of which she had no prior knowledge, and received personal injuries for which she seeks recovery herein. The record sufficiently shows that the defendant was responsible for the existence of the hole into which plaintiff fell, and that the same had been recently made and was left unguarded.

At the trial the plaintiff attempted to show that she had been accustomed to use the passageway in question in going from her premises to that of her neighbor, Mrs. Snyder. Many questions were addressed to the plaintiff in an effort to show that the tenants of the three apartments used the passageways and areaways commonly in passing to and from the different apartments, and that such use by the tenants was with the knowledge and consent of the defendant. Mrs. Snyder, the tenant of No. 363, and the tenant of No. 365 Edgecomb avenue were both likewise interrogated by plaintiffs' trial counsel in an effort to show the common use of the passageways in question by the various tenants. None of these questions were permitted to be answered by the witnesses, the court sustaining the objections of counsel for defendant to such inquiries, and due exception to the refusal of the court to permit such proof was duly taken by plaintiffs' trial counsel. The respondent urges that the court was justified in refusing to receive testimony

as to the common use of these passageways by the tenants upon the ground that the plaintiff was either a trespasser or a mere licensee, and that the defendant owed no duty to plaintiff, except to refrain from wanton or intentional acts injuring the plaintiff. The questions were asked with the evident purpose of proving that the plaintiff was not a trespasser and was more than a mere licensee.

We are of the opinion that, under the circumstances, the plaintiff was entitled to prove that the tenants of the three apartment houses were accustomed to use these passageways with the knowledge and consent of the defendant, and that in so using them they were more than mere licensees, and were there, in fact, as invitees of the defendant, and that the defendant owed a duty to the plaintiff and to the other tenants to keep the passageways in a reasonably safe condition for their use. If, as the plaintiff sought to prove, the various tenants were permitted to and did use the passageways and areas in question in connection with their tenancies and in passing to and fro, then the owner owed them the duty of keeping such areas in a reasonably safe condition for such use. We think the court's refusal to permit the plaintiff to prove such use constituted reversible error requiring a retrial of the issues.

The judgment appealed from in each case should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgments reversed and a new trial granted, with costs to the appellants to abide the event.